UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAVID D'AMATO, an individual residing in
New York and successor in interest to
CHAMPION GRAPHICS, INC.,

                                    Plaintiff,

                                                                    **Hon. Hugh B. Scott**

                                                                        13CV646S

                                                                        **Order**

                          v.

ECHL, INC., et al.,

                                    Defendants.

        Before the Court is defendants' motion to change venue to the Middle District of Florida,

Orlando Division (Docket No. 34).  After initially referring only non-dispositive matters to the

undersigned (Docket No. 18), Judge William Skretny referred dispositive matters to the

undersigned on November 17, 2014 (Docket No. 37).  Responses to defendants' motion initially

were due December 3, 2014, any reply by December 10, 2014, and the motion was deemed

submitted (without oral argument) on December 10, 2014 (Docket No. 35).  Upon stipulation

(Docket No. 38), responses to this motion were due by December 10, 2014, with the reply due

December 17, 2014 (Docket No. 39).

        Plaintiff's counsel then moved to withdraw from this case and asked for an extension of

the response deadline for their erstwhile client to allow plaintiff time to locate new counsel and

to respond to this motion (Docket No. 40); that motion was granted (Docket No. 41).  Under the

new, extended schedule, plaintiff's response was due by January 26, 2015, and any reply by

February 2, 2015, with the matter to be submitted on February 2, 2015 (Docket No. 42).  On

January 23, 2015, plaintiff, now proceeding pro se, e-mailed the Chambers of the undersigned

requesting a 120-day extension of the response deadline "due to the difficult matter of my case

and to explore my options of having this case set aside and continue in the Trademark Office

which may offer this court a better foundation" (Docket No. 43).  This request was denied

without prejudice to plaintiff renewing it in a properly filed and served motion (Docket No. 44);

no such motion to extend was filed.  Plaintiff alternatively sought 90 days to find new counsel

(Docket No. 43).

No response or reply was filed for the motion to change venue.  Plaintiff was given until

April 24, 2015, either to retain new counsel or to file a response (through counsel or pro se) to

defendants' pending motion (Docket No. 45).  Plaintiff has not appeared with new counsel and is

thus proceeding pro se.  This motion was deemed submitted, without oral argument on May 4,

2015.

PRELIMINARY MATTER

This motion for change of venue under 28 U.S.C. § 1404 presents an initial jurisdictional

issue whether this motion can be decided by this Court on an Order or must this Court first

render to Judge Skretny a Report and Recommendation.  District courts have been divided on

this issue, including this Court.  This Order adopts what is now believed to be the better practice.

A motion for change of venue is not listed among the relief in 28 U.S.C. § 636(b) that is

expressly dispositive (that is, requiring a Report and Recommendation).  District courts

nationally (including this Court) have split on whether a motion to change venue is dispositive or

non-dispositive, see Skolnick v. Wainer, No. CV 2013-4694, 2013 U.S. Dist. LEXIS 135139, at

*2 n.1 (E.D.N.Y. Sept. 20, 2013) (Go, Mag. J.)(Order citing cases).  Some district courts have

held that it is a non-dispositive pretrial matter which the Magistrate Judge may decide by Order

pursuant to 28 U.S.C. § 636(b)(1)(A), e.g., Skolnick, supra, 2013 U.S. Dist. LEXIS 135139, at

*2 n.1 (agreeing to adopt the majority view within the Second Circuit that transfer of venue

motions are non-dispositive); American Ctr. for  Civil Justice v. Ambush, 794 F. Supp. 2d 123,

129 (D.D.C. 2011); see also George K. Walker, 17 Moore's Federal Practice—Civil § 72.02[4],

at n.15.3 (2014).  That is, this motion is deemed to be within the "'jurisdiction and sound

discretion of a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(A), subject to appeal

to the district court for an abuse of that discretion,'" Jones v. Wetzel, No. 4:13-CIV-1718, 2013

U.S. Dist. LEXIS 94352, at *6 (M.D. Pa. July 8, 2013) (Carlson, Mag. J.) (quoting Berg v. Aetna

Freight Lines, No. CIV. A. 07-1393, 2008 U.S. Dist. LEXIS 54905, at *1 n.1 (W.D. Pa. July 15,

2008) (Hay, Mag. J.), which cited in turn cases, including O'Brien v. Goldstar Tech., Inc., 812 F.

Supp. 383 (W.D.N.Y. 1993) (Heckman, Mag. J.) (Decision and Order on motion to transfer

venue)); Alessandra v. Colvin, No. 12CV397, 2013 U.S. Dist. LEXIS 111975, at *4-5

(W.D.N.Y. Aug. 8, 2013) (Scott, Mag. J.).  Courts have reasoned that since the transfer decision

is not dispositive of the merits or determines federal jurisdiction, this motion to change venue is

thus viewed as non-dispositive, Adams v. Key Tronic Corp., No. 94 Civ. AO535, 1996 U.S.

Dist. LEXIS 19244, at *3-4 (S.D.N.Y. Jan. 2, 1997); Jones, supra, 2013 U.S. Dist. LEXIS 94352,

at *6.

Other courts, even this one, Cott Corp. v. Decas Botanical Synergies, LLC,

No. 11CV552, Docket No. 35, Report and Recommendation of Dec. 23, 2011, 2011 U.S. Dist.

LEXIS 156223, at *12-13 (W.D.N.Y. Dec. 23, 2011) (Scott, Mag. J.), adopted, Docket No. 56,

Order of Sept. 19, 2012, 2012 U.S. Dist. LEXIS 134168 (W.D.N.Y. Sept. 19, 2012) (Arcara, J.),

have held that the transfer of venue motion is dispositive and thus require a Report and

Recommendation and subject to de novo review if objections are filed, e.g., Payton v. Saginaw

County Jail, 743 F. Supp. 2d 691 (E.D. Mich. 2010).  Magistrate Judge Go in Hamlett noted in

her Report that courts disagree whether or not a motion to transfer venue is dispositive under

§ 636, Hamlett v. Widtzler, No. 11CV3106, 2013 U.S. Dist. LEXIS 47102, at *3 & n.1

(E.D.N.Y. Mar. 8, 2013) (Go, Mag. J.) (Report and Recommendation rendered at request of

Chief Judge Amon), adopted, 2013 U.S. Dist. LEXIS 45497 (E.D.N.Y. Mar. 28, 2013) (Amon,

Ch. J.).  Magistrate Judge Hodges in Hamilton v. Patelco Credit Union, C/A No.:  1:12-22-TLW-

SVH, 2012 U.S. Dist. LEXIS 66397, at *1 n.1 (D.S.C. Mar. 20, 2012) (Hodges, Mag. J.) (Report

and Recommendation), found that, in the absence of definitive authority within the Fourth

Circuit, the motion to transfer venue was "arguably dispositive" and the approach of Report and

Recommendation "preserves the prerogative of the parties to argue and the presiding District

Judge to determine whether to review the undersigned's opinion under a de novo or clearly

erroneous standard of review."

      This very Court has found in separate cases the motion to change venue was dispositive,

Cott Corp., supra, 2011 U.S. Dist. LEXIS 156223, at *12-13, and not dispositive, Alessandra,

supra, 2013 U.S. Dist. LEXIS 111975, at *4-5.  In Cott Corp., this Court first analogized the

motion to change venue with a motion to remand and the remand motion was recently held by

the Second Circuit to be dispositive, despite the fact that neither motion was listed in 28 U.S.C.

§ 636(b) as being dispositive, Cott Corp., supra, 2011 U.S. Dist. LEXIS 156223, at *12-13

(citing Williams v. Beemiller, Inc., 527 F.3d 259 (2d Cir. 2008)).  There, this Court stated that "a

motion to transfer venue divests the transferring Court of jurisdiction over the matter, <u>Huff v. CSX Transp., Inc.</u>, 461 F. Supp. 2d 853 (S.D. Ill. 2006); <u>Tharp v. Transworld Drilling Co.</u>, 367 F. Supp. 521 (W.D. Okla. 1973); <u>see also</u> <u>Fisher v. United Airlines, Inc.</u>, 218 F. Supp. 223 (S.D.N.Y. 1963)," <u>Cott Corp.</u>, <u>supra</u>, 2011 U.S. Dist. LEXIS 156223, at *12-13.  There, it was concluded that "if granted, so far as this Court is concerned the action would no longer exist and that decision is essentially dispositive as to this Court," thus a Report and Recommendation was issued, <u>id.</u>

On the other hand, in <u>Alessandra v. Colvin</u>, this Court later decided a motion to transfer a Social Security case by an Order, 2013 U.S. Dist. LEXIS 111975, at *4-5, citing several of the cases (previously noted) that also decided these motions by a Magistrate Judge's Order. <u>Alessandra</u> did not distinguish <u>Cott Corp.</u> or reject the method applied in the earlier case.

Whether a motion to change venue is dispositive matters because of the standard of review of this Court's decision will differ whether it is an Order or a Report and Recommendation.  As an Order, it would be reviewed on appeal to the Chief Judge under the clearly erroneous or contrary to law standard of 28 U.S.C. § 636(b)(1)(A), while as a Report and Recommendation, objections to the Report would be reviewed under de novo standard of Fed. R. Civ. P. 72, <u>see</u> <u>Hamilton</u>, <u>supra</u>, 2012 U.S. Dist. LEXIS 66397, at *1 n.1.

\* \* \* \*

In light of the uncertainty of how to proceed and the split among district courts, this Court will adhere to its more recent practice and consider the motion to change venue as **non-dispositive** and hence decided here by an **Order**.  This Court thus rejects its earlier insistence that motions to transfer venue were dispositive (<u>cf.</u> <u>Cott Corp.</u>, <u>supra</u>, 2011 U.S. Dist. LEXIS

156223) because, unlike the analogized remand motion, the motion to change venue does not end federal court jurisdiction.  A transfer of venue keeps the case open and within the federal judiciary, but merely moves the action from one district to another; sometimes within the same district from one division to another, but cf. Payton, supra, 743 F. Supp. 2d at 692.  In Payton, the District Judge there held that a motion to dismiss or alternatively to transfer the case to an alternative division (from the Southern Division to the Northern Division of the Eastern District of Michigan, see 28 U.S.C. § 102(a)(1), (2)) was dispositive like a remand motion since in both instances that particular court loses jurisdiction over the case if either motion is granted, Payton, supra, 743 F. Supp. 2d at 693.  While the transferor court loses that case upon the grant of a motion to transfer venue, the case remains viable within the federal system in the new venue, with no adjudication of the federal court's jurisdiction or the merits of any defense or claim. This Court rejects the reasoning of the Eastern District of Michigan in Payton and its analogy to the jurisdiction revoking motion to remand.

Granting or denying this change of venue motion will not divest the United States District Courts of jurisdiction, unlike ruling on a remand motion.  This motion merely challenges plaintiff's choice of venue.  Unlike the cases from some other courts, Chief Judge Skretny (in issuing a dispositive referral Order, Docket No. 37, in this case) has not instructed this Court to render a Report and Recommendation on this pending motion.

This motion involves, as discussed in some detail below, an exercise in discretion.  An appeal of the decision on this motion, whether considered by Chief Judge Skretny on de novo review (as with an objection to a Report and Recommendation) or abuse of discretion as a matter of law on appeal of an Order, could (if desired) reach the question of the exercise of that

discretion on this motion to change venue. Thus, this Court will proceed to decide defendants' motion by this Order.

BACKGROUND

This is a trademark infringement action by plaintiff, a New York State resident and the successor in interest to Champion Graphics, Inc., a Fort Lauderdale, Florida, corporation (Docket No. 1, Compl. ¶¶ 1, 16). Plaintiff alleges that defendants are the ECHL, Inc., a New Jersey corporation; the Orlando Pro Hockey Operations, a Florida limited partnership who own the Orlando Solar Bears; and three individuals residing in Florida (id. ¶¶ 2-6). The Answer asserts that ECHL is a Virginia non-profit corporation with its principal place of business in Princeton, New Jersey (Docket No. 10, Ans. at 13). Plaintiff asserts venue is appropriate in the Western District of New York from his residence and doing business in this District (Docket No. 1, Compl. ¶ 10).

Plaintiff claims that he and his predecessor in interest, Champion Graphics, began using the mark and design "SOLAR BEARS" in interstate commerce and trademarked the mark and designs (id. ¶¶ 12-17). Meanwhile, defendants ECHL and Orlando Pro Hockey proposed a team name of "SOLAR BEARS" without researching whether that name was already in use, with defendants filing for trademark application in September 2011 (id. ¶¶ 18-22). Plaintiff claims that defendants' trademark is substantially similar to his mark and uses the trademarked words "SOLAR BEARS" (id. ¶¶ 32, 31, 23-34). Plaintiff here alleges federal common law trademark infringement (id. ¶¶ 41-47); federal unfair competition (id. ¶¶ 49-53); federal trademark dilution (id.¶¶ 55-60); federal copyright infringement (id. ¶¶ 62-68); false or fraudulent registration (id. ¶¶ 70-71); New York State common law trademark infringement, see N.Y. Gen. Bus. Law

§ 360(k) (<u>id.</u> ¶¶ 73-79); New York common law unfair competition (<u>id.</u> ¶¶ 81-86); fraudulent

registration, <u>see</u> N.Y. Gen. Bus. Law § 380(j) (<u>id.</u> ¶¶ 88-90); violation of New York dilution

statute (<u>id.</u> ¶¶ 92-93); and violation of New York State deceptive trade practices law, <u>see</u> N.Y.

Gen. Bus. Law § 349 (<u>id.</u> ¶¶ 95-97).  Plaintiff seeks declaratory relief (<u>id.</u> § 99-101) and damages

(<u>id.</u> Prayer for Relief at 21).

Defendants collectively answered and asserted counterclaims (Docket No. 10), which

plaintiff answered (Docket No. 21).  In the counterclaims, defendants assert claims under New

York law and contend that this District is the appropriate venue because of plaintiff's residence

in this state (Docket No. 10, Ans. at 14).

*Defense Motion to Change Venue to Florida*

Defendants argue that this action was filed contrary to a 2001 settlement agreement

whereby plaintiff had released all his claims relating to the Orlando Solar Bears mark for

$200,000, wherein that agreement had a forum selection clause (Docket No. 34, Defs. Memo. at

1).  During discovery in this action, plaintiff produced this settlement agreement (<u>id.</u>).

Defendants argue, first, that this forum selection clause of the settlement agreement calls for any

litigation under it to be commenced in the Middle District of Florida (<u>id.</u> at 1, 7-8, 9-10 (forum

provisions of settlement agreement should not be set aside)).

In 1989, Champion Graphics obtained two copyright registrations for silk screen

drawings for "Solar Bears," drawings of polar bears in tropic wear doing various outdoor

activities (<u>id.</u> at 2).  Defendants claim that Champion Graphics is no longer in business and there

was no evidence that the silk screen drawings were ever used on any products in Florida or

elsewhere (<u>id.</u> at 2-3).  In 1994, RDV Sports, Inc. (hereinafter "RDV"), the owners of the NBA

Orlando Magic, acquired a hockey franchise from the International Hockey League for a team in

Orlando.  RDV named the team "the Orlando Solar Bears," using that name on team uniforms,

clothing, and the like (id. at 3).  RVD filed trademark applications to register "ORLANDO

SOLAR BEARS" (id.).  In 1997, plaintiff operating another company, Logo Connections, Inc.,

filed an opposition to RDV's ORLANDO SOLAR BEARS trademark applications and RDV

responded with filing a declaratory judgment action in the United States District Court for the

Middle District of Florida (id.).  In 2001, the parties entered into a settlement agreement and

dismissed that case (id. at 3-4).  The International Hockey League later disbanded and the

ORLANDO SOLAR BEARS discontinued playing hockey (id. at 4).

       In 2011, defendants Haleski, Siegel, and Ohrablo decided to form defendant Orlando Pro

Hockey Operations, L.P., to reestablish hockey in Orlando and the ORLANDO SOLAR BEARS

in the ECHL, entering into agreements with subsidiaries of RDV to obtain the name

"ORLANDO SOLAR BEARS" and permission to use the name in the new league (id.).  Orlando

Pro Hockey updated the team's logo and ECHL filed various trademark applications to register

the new mark and the ORLANDO SOLAR BEARS logo (id.).  The next year, plaintiff filed two

oppositions in the United States Patent and Trademark Office ("PTO") to these applications (id.;

see Docket No. 1, Compl. ¶ 26).  Instead of producing evidence of use of the "SOLAR BEARS"

mark to the PTO, plaintiff filed this action (see Docket No. 34, Defs. Memo. at 4-5).  In

discovery in this case, defendants sought evidence of "continuous use" of that mark, but plaintiff

produced the 2001 settlement agreement with RDV, which defendants claim plaintiff released all

claims regarding the SOLAR BEARS mark and agreed to resolve any disputes concerning the

mark in the United States District Court for the Middle District of Florida (id. at 5-6, quoting settlement agreement paragraphs 4, 9, 11, 14).

First, defendants contend that this action could have been brought in the transferee district, the Middle District of Florida, based upon the mandatory language of the settlement agreement with RVD and the personal and subject matter jurisdiction that district has over this dispute and parties (id. at 7-8). Defendants argue that the forum selection clause shifts the burden to plaintiff to demonstrate exceptional facts why he should be relieved of his contractual duty (id. at 9), concluding that no such exceptional facts exist to warrant such relief (id. at 10).

Defendants reviewed the factors under 28 U.S.C. § 1404 for transfer of action, concluding that they favor moving this case to the Middle District of Florida (id. at 10-14). First, as for convenience of witnesses and parties, they argue that these two factors weigh heavily for transfer to Florida since most of the defendants are Florida residents, plaintiff is a former Florida resident (id. at 10-12), and the non-party witnesses are also Floridians (id. at 11). Most of these persons or entities have little to no connection with the Western District of New York and would be inconvenienced to travel to Buffalo for this case (id.). Factors 3 and 4 (location of documents and locus of operative facts) are also in Florida (id. at 12-14). Defendants next argue that factor 7 (the weight afforded to plaintiff's choice of forum) is neutral or favors transfer (id. at 14), later concluding that plaintiff's choice of forum should not be accorded any weight since the facts and transactions involve here had no connection with the Western District of New York (id. at 16). Defendants do not comment on factors 5 (the relative means of the parties) or 6 (familiarity of each district with relevant law) or 8 (the judicial economy and interest of justice).

Plaintiff, either while represented or proceeding <u>pro se</u>, has not responded to this motion. Plaintiff also has not indicated (as he represented in requesting an extension of time) that this matter has been referred to the Trademark Office or has been addressed by that Office (<u>cf.</u> Docket No. 43).

## DISCUSSION

I.      Standards

An action may be transferred to any other district where the case might be brought that serves "the convenience of the parties and witnesses, [and is] in the interest of justice," 28 U.S.C. § 1404(a); <u>Columbus McKinnon Corp. v. SST Casting, Inc.</u>, No. 08-cv-167S, 2009 WL 1563922, at *6 (W.D.N.Y. June 3, 2009) (Skretny, J.).  Transfer is warranted if the threshold requirements for the transferee court are met (that the transferee district or division is one in which the action might have been brought or to which all parties consented, 28 U.S.C. § 1404(a)), and the transfer "lies within the broad discretion of the [transferring] district court," Georgene M. Vairo, 17 <u>Moore's Federal Practice—Civil</u> § 111.13[1][a] (2014); <u>Filmline (Cross-Country) Prods., Inc. v. United Artists Corp.</u>, 865 F.2d 513, 520 (2d Cir. 1989).  "When considering a motion to transfer under § 1404(a), courts in this circuit consider a number of factors, including: (1) the convenience of witnesses and parties; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the locus of the operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the relative financial means of the parties; (6) the comparative familiarity of each district with the governing law; (7) the weight afforded plaintiff's choice of forum, and (8) judicial economy and the interests of justice.  <u>See</u> <u>Columbus McKinnon</u>, <u>supra</u>, 2009 WL 1563922, at *6 (citing <u>Herbert</u>

Ltd. Partnership v. Electronic Arts Inc., 325 F. Supp. 282, 285-86 (S.D.N.Y. 2004); see also D.H.

Blair & Co. v. Gottdiener, 462 F.3d 95, 106-107 (2d Cir. 2006) (listing factors)."  "No one factor

is controlling or determinative, rather the Court must, in its discretion, balance all of the factors

in making its decision," New Era Cap Co. Prinz Enterp., LLC, No. 06CV391, 2008 U.S. Dist.

LEXIS 15281, at *5 (W.D.N.Y. Feb. 28, 2008) (Scott, Mag. J.); Praxair, Inc. v. Morrison

Knudsen Corp., No. 00CV892, 2001 U.S. Dist. LEXIS 1130, at *6 (W.D.N.Y. Feb. 6, 2001)

(Elfvin, J.).  The cases vary as to whether one factor (the plaintiff's initial choice of forum[1],

convenience to witnesses[2], the locus of operative facts[3], for examples) should have more

substantial weight than the others.

II.      Whether This Action Could Have Been Prosecuted in Florida

There is no consent stipulated to by all parties to transfer venue to the Middle District of

Florida, hence it must be determined whether this action could have been commenced in that

district.  As defendants argue (Docket No. 34, Defs. Memo. at 3), an earlier action arising from

these trademarks was commenced in the Middle District of Florida and settled there.  They argue

that the terms of the settlement agreement from that action venued future disputes under that

agreement in that district (Docket No. 34, Defs. Memo. at 7-8, 9-10).

---

[1]See, e.g., Lencco Racing Co. v. Arctco, Inc., 953 F. Supp. 69, 72 (W.D.N.Y. 1997) (Larimer, Ch. J.); Duke, Holzman, Photiadis & Gresens LLP v. Cosentino, No. 08CV437, 2009 U.S. Dist. LEXIS 1001, at *11-12 (W.D.N.Y. Jan. 8, 2009) (Telesca, J.).

[2]See, e.g., Beatie and Osborn LLP v. Patriot Sci. Corp., 431 F. Supp. 2d 367, 396 (S.D.N.Y. 2006).

[3]See, e.g., I Create Int'l, Inc. v. Mattel, Inc., No. 03 Civ. 3993, 2004 U.S. Dist. LEXIS 15477, at *9 (S.D.N.Y. Aug. 9, 2004) (citing cases).

Clearly, almost all the events of this case took place in the Middle District of Florida and few (if any) in this District.  Thus, defendants have established that this action could have been commenced in the Middle District of Florida.  If this Court accepts that this case really arises from the settlement agreement between plaintiff and defendants' predecessors to intellectual property at issue, that agreement provides a forum selection clause that mandates transferring this action to the Middle District of Florida.

If, on the other hand, this case stands apart from the 2001 dispute and settlement agreement, this Court needs to address whether the proper venue is here or the Middle District of Florida.

III.    Convenience of Parties and Interest of Justice Factors

Plaintiff is the successor to the original maker of the mark, Champion Graphics, and defendants essentially are the successors to the marks of the RVD Orlando hockey club.  Plaintiff and RVD settled a similar trademark dispute in 2001, agreeing to have future disputes arising from that mark be heard in the Middle District of Florida.  The next factors go to the convenience of the parties and witnesses to this litigation and the interest of justice where this case should be heard.  Some of the stated factors overlap (such as witness convenience and the means to serve process to them).  This analysis is difficult here because plaintiff has not responded to defendants' contentions in this motion.

A.    Convenience of Witnesses

As for the convenience of witnesses (and potential process of service), the key parties are in Florida (see Docket No. 34, Defs. Memo. at 10-12), or (in the case of plaintiff) was from Florida.  Defendants point out that two witnesses named by plaintiff to favor his position are

13

Florida residents (id. at 11).  Plaintiff is the only party currently in the Western District of New York but defendants argue visits to Florida for other work (id. at 12; Docket No. 34, Defs. Atty. Decl., ¶ 19, Ex. 17 (security company "Recently Licensed in Florida [providing license number], providing Security Services throughout the State")), while defendant ECHL is a Virginia corporation operating out of New Jersey.  Other officials may be from Washington, DC, if the official actions of the Trademark Office are at issue.  Thus, the convenience balance **favors transfer** to the Middle District of Florida.

**B.      Convenience of Parties**

As stated above (see Docket No. 34, Defs. Memo. at 10-12), most of the defendants are in Florida (or Virginia and New Jersey), while plaintiff was formerly from Florida and now resides in New York with continuing ties to Florida (id. at 12).  Again, this Court acts without plaintiff's position as to his convenience in returning to Florida to prosecute this action.  As with the witnesses' convenience, the case **should be transferred** to the Middle District of Florida.

**C.      Location of Relevant Documents**

Defendants claim that the relevant documents are located in Florida (Docket No. 34, Defs. Memo. at 12-13).  Without a response from plaintiff, it is unclear where his documents are; they are probably in his possession in this District.  Also what is unknown is the number of documents plaintiff has as compared with defendants' documents.  Additionally, some documents are filed with the Trademark Office in Washington, DC.  Absent knowing which party or witness has the bulk of the relevant documents, the pinpointing which jurisdiction is more appropriate is difficult.

As noted by defendants (id. at 13) in citing another case, in the current age of "faxing, scanning, and emailing" of documents, the factor of document location "is entitled to relatively little weight," CYI, Inc. v. Ja-Ru, Inc., 913 F. Supp. 2d 16, 24 (S.D.N.Y. 2012).  Thus, this factor **favors neither keeping this case here nor transferring it**.

      D.     Locus of Operative Facts

In this case, all of the operative facts are in Florida, as argued by defendants (Docket No. 34, Defs. Memo. at 13).  The team, the trademarked material, and the settlement agreement at issue all were in Florida.  There are no operative facts that occurred here.  Plaintiff came to New York either after the events alleged in this action or with no relation to this case.  Therefore, on this factor, this case **should be transferred to the Middle District of Florida**.

The next factors (5, 6) go to the procedures and practicalities of where this action should be prosecuted.

      E.     Availability of Process for Witnesses

As noted above with the location of the witnesses, most are in Florida.  It thus would be easier to serve subpoenas upon Florida witnesses in the Middle District of Florida than from here.  Again, the absence of plaintiff's response to this motion hinders the analysis whether he has identified any relevant non-party witnesses in this District or outside of the Middle District of Florida.  Defendants point to two witnesses that plaintiff has identified as being favorable to his position and both reside in Florida (Docket No. 34, Defs. Memo. at 11).  With the overlap of some factors, the availability of process factors **points to transferring** this case to the Middle District of Florida.

15

F.       Relative Financial Means of Parties

Defendants briefly address the relative means of the parties (Docket No. 34, Defs. Memo. at 12 n.2) arguing that plaintiff's agreement to the 2001 settlement agreement (and its forum selection provision for the Middle District of Florida) belie any argument of economic imbalance or poverty on plaintiff's part in transferring this case south.  Plaintiff (as an individual) here sued corporations and individuals.  Thus, plaintiff is relying solely upon his individual resources against corporations.  But no one has shown the relative wealth of the parties.  Again, absent more information, this factor **is not determinative** as to the proper venue for this action.

G.       Familiarity of Each District with Relevant Law

Here, the law at issue in this case primarily is federal trademark law which could be heard in any federal court, but there are also contract law issues that arise here for construing the settlement agreement, made under Florida law (Docket No. 34, Defs. Atty. Decl., Ex. 1, settlement agreement ¶ 11, filed under seal at Docket No. 36) as well as plaintiff's and defendants' New York common law and General Business Law claims (see also Docket No. 1, Compl.; Docket No. 10, Ans.; see Docket No. 34, Defs. Memo. at 14 n.3).  Defendants argue that this factor either favors transfer or is at a minimum neutral, since courts give this factor little weight (Docket No. 32, Defs. Memo. at 14, citing AEC One Stop Group, Inc. v. CD Listening Bar, Inc., 326 F. Supp. 2d 525, 531 (S.D.N.Y. 2004) (federal copyright law renders this factor neutral)).

As a trademark infringement action, the primary basis for federal jurisdiction is federal law.  Thus, this factor is neutral.  But both sides assert claims under New York common law.  This leads to the issue, not addressed by either party, of the competence of a Florida federal court

16

to construe New York state supplemental claims, with defendants arguing that this Court's familiarity with New York law (relative to the Middle District of Florida) is "one of the least important factors in determining a motion to transfer," <u>Capital Records, LLC v. VideoEgg, Inc.</u>, 611 F. Supp. 2d 349, 368 (S.D.N.Y. 2009) and, under the 2001 settlement agreement, Florida law applies (<u>id.</u> at 14 n.3).  Since both parties, however, invoke New York law in their supplemental claims, this factor (although minimal) **is neutral as to the ultimate venue for this action**.

       H.       Weight Given to Plaintiff's Choice of Forum

As noted above, courts differ on the importance of this factor in determining which jurisdiction hears a case, <u>compare</u> <u>Lencco Racing Co.</u>, <u>supra</u>, 953 F. Supp. at 72 (while giving plaintiff's choice of forum "substantial weight," where the transaction or facts at issue have "no material relation or significant connection to the plaintiff's chosen forum, then the plaintiff's choice is not accorded the same 'great weight' and in fact is given reduced significance, quoting <u>Wine Markets Int'l, Inc. v. Bass</u>, 939 F. Supp. 178, 183 (E.D.N.Y. 1996)); <u>with</u> <u>Duke, Holzman</u>, 2009 U.S. Dist. LEXIS 1001, at *11 (plaintiff's initial choice of forum must be given "substantial weight").

Defendants argue that in case of trademark infringement "the locus of operative facts is the initially chosen forum if acts of infringement, dilution, or unfair competition occurred in that forum," <u>CYI, Inc.</u>, <u>supra</u>, 913 F. Supp. 2d at 19 (Docket No. 34, Defs. Memo. at 16).  Here, none of the claimed acts of infringement have occurred in this District and all operative events have occurred in the Middle District of Florida.  Therefore, plaintiff's choice of his (current) home for

the forum **will not be given substantial weight** and this factor thus **favors transfer of this action**.

   I.  Judicial Economy and the Interests of Justice

   Finally, this Court must consider whether it is more economical to hear this case in this District or in the Middle District of Florida, aside from the parties' concerns, and whether hearing this case in one venue or the other would be unjust.  Defendants argue that they would be prejudiced by this action continuing in this District (Docket No. 34, Defs. Memo. at 15), while plaintiff would not be prejudiced by a transfer at the discovery stage of this action (see id. at 14, citing and quoting <u>WellQuest Int'l, Inc. v. Genesis Intermedia.com, Inc.</u>, No. 00 CIV. 6558, 2001 WL 1246592, at *6 (S.D.N.Y. (Oct. 18, 2001)).

   Given that the bulk of the witnesses and potentially the relevant documents are in the Middle District of Florida and that one party, plaintiff, would be required to travel if this case is transferred rather than numerous defendants and witnesses were this action to remain in this District, this final factor favors **transfer to the Middle District of Florida**.

   J.  Summary

   Weighing all the factors above, this case should be heard in **the Middle District of Florida**.  Most of the operative facts, witnesses, and relevant documents are in that district; with the attendant procedural and practical ease of obtaining them there rather than bringing them up to this District.  This District only has plaintiff's present residence and, aside from the parties raising claims under New York law, has little connection to the underlying trademark dispute at issue in this case.  Other factors are either neutral (given the federal nature of the claims or modern means of storing and, if necessary, transmitting documents) or (such as the New York

state supplemental claims asserted by all parties) are not substantial enough to weigh keeping this action in this District.  Defendants' motion (Docket No. 34) to change venue, **is granted and this action is transferred to the Middle District of Florida**.

III.    Effect of This Order

With entry of this Order, the case immediately would be transferred to the Middle District of Florida without plaintiff having an opportunity to appeal to Judge Skretny in this District, see Shenker v. Murasky, Nos. 95CV4692, 95CV4739, 1996 U.S. Dist. LEXIS 22626, at *1 n.1 (E.D.N.Y. Nov. 6, 1996) (raising issue whether it remained appropriate for the transferee court to hear appeal of Magistrate Judge's Order to transfer a case, but then considered appeal in any event), or to the United States Court of Appeals for the Second Circuit.  In light of the Magistrate Judge jurisdictional uncertainty discussed above as well as the absence of any substantive response from plaintiff, the transfer ordered in this Order **is stayed** for fourteen (14) days from entry of this Order to allow time for plaintiff (if he chooses) to appeal this Order to Judge Skretny.  Upon the expiration of this period and absent an appeal, the Clerk of Court is instructed to **transfer this case to the Middle District of Florida forthwith**.

CONCLUSION

For the reasons stated above, defendants' motion (Docket No. 34) to change venue to the Middle District of Florida is **granted**.  As indicated above, this Order is **stayed for 14 days** to allow for appeal.  Absent such an appeal, or upon affirmance of this Order on appeal, the Clerk of Court is instructed to **transfer this action to the Middle District of Florida**.

So Ordered.

/s/ Hugh B. Scott

Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
      May 7, 2015